IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRIS MILLER,

        Plaintiff,                           Case No.

v.                                               Judge
                                                    Magistrate Judge

BIG LOTS STORES, LLC,

                                                    JURY DEMAND

        Defendant.

_____/

## COMPLAINT

Defendant Big Lots Stores, LLC ("Big Lots") refused to accommodate Plaintiff Kris Miller ("Mr. Miller") due to his disability and then retaliated against him for requesting accommodation. In doing so, Big Lots failed to enter into a good faith interactive process with Mr. Miller to determine whether it could accommodate his disability. Big Lots further discriminated against Mr. Miller when it exploited his learning disability by forcing him to him to turn in a written resignation, despite his learning disability affecting his ability to read and write, under the false pretense that his resignation was required in order to receive time off for his disability. Due to these actions, Mr. Miller brings claims of discrimination and retaliation under the Americans with Disabilities Act, and the Tennessee Disability Act.

### PARTIES

1. Plaintiff, Kris Miller, ("Plaintiff" or "Mr. Miller") is a citizen and resident of Smyrna, Rutherford County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Smyrna, Tennessee location.

2. Defendant Big Lots Stores LLC ("Big Lots") is a Tennessee Limited Liability Company. Its registered agent for service of process is Corporation Service Company, 2908 Poston

1

Ave., Nashville, Tennessee 37203.

3. At all material times, Defendant has been an employer as defined by the ADA, 42 U.S.C. § 12111.

4. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(g) and (h)(1) and (2).

5. At all material times, Defendant has been an employer as defined by the Tennessee Disabilities Act, T.C.A. § 8-50-103 ("TDA").

## JURISDICTION AND VENUE

6. This is an action for unlawful employment practices brought under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Counts I - II) and the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Counts III and IV).

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

8. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue for the charge, and this action was commenced within 90 days of receipt of Notice of Right to Sue.

## FACTS

9. Plaintiff, Kris Miller, was employed by Big Lots as a Freight Manager from approximately November 2021 until his coerced constructive discharge on June 4, 2022.

10. Mr. Miller is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1)

2

and (2). In particular, he has a disorder(s) including kidney failure, arthritis, and a learning disability which affects major life activities of lifting, learning, reading, writing, caring for oneself, and working. Moreover, his disability affects the major bodily systems of the muscular, skeletal, cardiac, and neurological systems.

11. Defendant Big Lots is a for-profit company that specializes in selling furniture and home décor.

12. In his role as Freight Manager, Mr. Miller largely ran a cash register, stocked low weight items, sold furniture, and managed employees. On occasion, Mr. Miller lifted heavy furniture.

13. Often, Alfonso Taylor, Mr. Miller's supervisor, would give Mr. Miller the name of a product and ask him to locate it in the warehouse.

14. Due to Mr. Miller's learning disability which causes him to have difficulty reading letters and words, he informed Mr. Taylor that he needed to be provided with the product number, rather than the name only, to identify and locate the product.

15. However, Mr. Taylor continued to provide only the product name when instructing Mr. Miller what product to locate.

16. When Mr. Miller asked for the product number, Mr. Taylor would mock and yell at Mr. Miller for not being able to locate a product using the product's name. Mr. Taylor would regularly do this in front of employees and customers.

17. As a result of his kidney failure, Mr. Miller required regular dialysis, approximately three times per week. Due to his work schedule, Mr. Miller regularly missed these appointments, causing him to become ill.

18. On or around February 2022, Mr. Miller requested an accommodation that Big Lots

3

would schedule his shifts around his dialysis appointments.

19. As a result, Mr. Miller's schedule was adjusted.

20. In April 2022, Mr. Miller provided Big Lots a doctor's note outlining that he was restricted to lifting 20 pounds or less due to the implant in his arm required for his dialysis.

21. With this restriction, Mr. Miller could still perform all the essential functions of his position.

22. Upon information and belief, another employee, who was injured at work, was provided a light duty accommodation that allowed them to lift lighter weight stock and run the cash register.

23. Big Lots refused to engage in the interactive process. Instead, Mr. Taylor informed Mr. Miller that he had to continue his duties, and if he refused to lift items that weighed more than 20 pounds, he would be terminated.

24. Mr. Taylor began to make fun of Mr. Miller in front of employees and customers about his lift restriction, calling him "weak."

25. In or around May 2022, Mr. Miller applied for Short-Term Disability.

26. On June 4, 2022, Mr. Miller spoke to Mr. Taylor to request two weeks of Paid Time Off ("PTO") in early July to attend doctor's appointments and rest due to continued pain from his disability.

27. Mr. Taylor informed Mr. Miller he would not approve his requested time off and that if he wanted to receive his PTO, he would have to resign.

28. Mr. Miller requested time to consider Mr. Taylor's demand that he draft a resignation letter.

29. Mr. Miller explained that, due to his learning disability, he needed his girlfriend to

4

help him compose the letter, to which Mr. Taylor responded, "You shouldn't need her for stuff like that."

30. Mr. Taylor refused to allow Mr. Miller time to compose the letter himself and instead dictated Mr. Miller's resignation letter to Mr. Miller, who did not understand the gravity of the request.

31. Mr. Miller reminded Mr. Taylor that he cannot spell a number of words due to his disability, to which Mr. Taylor responded, "Google them."

32. As a result of Mr. Taylor's demand and Mr. Miller's urgent need for the required time off for his disability, Mr. Miller provided a resignation letter stating that his last day would be July 2, 2022, and he was provided PTO for his last two weeks of work.

33. Mr. Miller's last day onsite with Big Lots was June 18, 2022.

34. Mr. Miller then spoke to HR Representative, Rita Smith, who informed him that due to his resignation, Mr. Miller was no longer eligible for Short-Term Disability.

35. Mr. Miller informed Ms. Smith that Mr. Taylor informed him that he had to resign in order to receive time off for his disability.

36. Big Lots failed to engage in an interactive process with Mr. Miller regarding his accommodation requests, informed him that he had to resign in order to receive his PTO for doctor's visits and rest due to his disability, took advantage of his learning disability to force him to write a resignation letter that he could not properly understand, and failed to accommodate his requests.

37. In August 2022, Mr. Miller re-applied for a position at Big Lots but was never contacted.

**Count I**
**Violation of ADA/ADAAA- Disability Discrimination**

38. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

39. Pursuant to the ADAAA, an individual is considered to have a disability if he has a physical impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such impairment.

40. Plaintiff was a qualified individual with a disability as he had disorders that affected his major life activities of lifting, reading, learning, writing, caring for oneself, and working. Moreover, his disabilities affect the major bodily systems of the muscular, skeletal, cardiac and neurological systems.

41. Plaintiff was constructively discharged because of his disabilities and/or in retaliation for his requests for the reasonable accommodations of a lifting restriction and time off in July 2022.

42. Plaintiff could perform the essential functions of his job with an accommodation of medical leave and light duty regarding lifting heavy furniture and stock. Plaintiff made a request for reasonable accommodation, including, but not limited to, medical leave for a discrete time period.

43. Plaintiff was discriminated against and eventually coerced into a constructive discharged because of his disability and request for reasonable accommodation.

44. Plaintiff requested reasonable accommodations of leave for medical treatment and management of his disability, as well as a weightlifting restriction. Defendant failed and refused to engage in an interactive process with him. Rather, Defendant threatened to terminate Plaintiff when he requested a weightlifting restriction due to his disability, and when Plaintiff requested time off for medical treatment, he was coerced to resign.

45. Further, within a month of requesting Short-Term Disability, Defendant coerced Plaintiff to resign.

46. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

47. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count II
## Violation of ADAAA- Retaliation

48. Plaintiff restates and incorporates herein the foregoing paragraphs.

49. It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

50. Plaintiff engaged in protected activity under the ADA when he requested accommodations of medical leave, a lifting restriction, and Short-Term Disability. Such actions by the Plaintiff are statutorily protected activities under ADAAA.

51. In violation of the ADAAA, Defendant retaliated against Plaintiff by threatening to terminate him and ultimately forcing him to resign.

52. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## Count III
## Violation of TDA- Disability Discrimination

53. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

54. Pursuant to the TDA, an individual is considered to have a disability if he or she has a physical or mental impairment that substantially limits one or more major life activities.

55. Plaintiff was a qualified individual with a disability.

56. Defendant discriminated against Plaintiff on the basis of his disability in violation of the TDA that culminated in his termination.

57. Plaintiff was discriminated against, including being mocked and made fun of, and eventually terminated because of his disability.

58. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

59. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count IV
## Violation of TDA- Retaliation

60. Plaintiff restates and incorporates herein the foregoing paragraphs.

61. It is the public policy and state law of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

62. In violation of the TDA, after Plaintiff requested Short-Term Disability and put Defendant on notice of his learning disability and his need for time off due to his doctor's appointment Defendant forced Plaintiff to resign in order to receive medical treatment.

63. Defendant retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's protected activity, objecting to being

8

denied time off for his disability. Defendant took adverse employment actions against Plaintiff for a pretextual reason.

64. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement for medical costs due to the loss of his insurance;

3. Actual damages incurred as a result of lost pay or benefits;

4. Reinstatement and/or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled under the ADAAA, and the TDA.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR# 037651
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027

615-724-1996  
615-691-7019 FAX  
heather@hmccivilrights.com  
ashley@hmccivilrights.com

*Attorneys for Plaintiff*